UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID L. COLLINS,

    Petitioner,

vs.

V. EVERETT,

    Respondent.

Case No. 2:11-CV-01435-JCM-(CWH)

**ORDER**

    Petitioner, who is a prisoner in custody in Colorado's Kit Carson Correctional Center, has submitted an application to proceed <u>in forma pauperis</u> (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Plaintiff alleges that he was convicted in 2004 in the Fourth Judicial District Court of the State of Nevada, charges unspecified, that he did not appeal, and that he pursued post-conviction remedies in 2010.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

On its face, the petition is untimely. Petitioner's judgment of conviction became final at some point in 2004, when the time to appeal the judgment expired. The one-year period of limitation of § 2244(d)(1) would have expired no later than the end of 2005. Petitioner pursued post-conviction remedies in state court in 2010. Even if the petition was properly filed within the meaning of § 2244(d)(2), the period of limitation already had expired, and there was nothing left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). The current petition, which petitioner

1  states that he mailed some time in August 2011 and which the court received on September 6, 2011,
2  was filed long after the period of limitation had expired.  Petitioner needs to show cause why the
3  court should not dismiss this action as untimely.
4     IT IS THEREFORE ORDERED that the application to proceed <u>in forma pauperis</u> (#1) is
5  **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).
6     IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of
7  habeas corpus pursuant to 28 U.S.C. § 2254.
8     IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
9  of this order to show cause why this action should not be dismissed as untimely.  Failure to comply
10  with this order will result in the dismissal of this action.
11     IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney
12  General for the State of Nevada, as counsel for respondents.
13     IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
14  copy of the petition and a copy of this order.  No response by respondents is necessary.
15     DATED:  October 11, 2011.

*/s/ James C. Mahan*
_____
JAMES C. MAHAN
United States District Judge

-3-