# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID L. COLLINS,<br><br>    Petitioner,<br><br>vs.<br><br>V. EVERETT,<br><br>    Respondent. | Case No. 2:11-CV-01435-JCM-(CWH)<br><br>**ORDER** |

The court directed petitioner to show cause why his petition for a writ of habeas corpus should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Order (#6). Petitioner has responded (#8). Most of arguments in the motion are statements about debts, defaults, and contracts, none of which are relevant to habeas corpus. However, petitioner also argues that the one-year period of limitation in § 2244(d) does not apply to jurisdictional challenges, by which the court assumes that petitioner is claiming that the state court had no jurisdiction to enter a judgment of conviction against him. The language of the statute of limitation contains no such exceptions, and no court has determined that such exceptions exist. Cf. Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) (holding that no exception for jurisdictional challenges exists for period of limitations of equivalent motion attacking a federal sentence pursuant to 28 U.S.C. § 2255).

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's motion for discharge of debt (#2) is **DENIED**.

-2-

1      IT IS FURTHER ORDERED that petitioner's motion to show cause (#8) is **DENIED**.

2      IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely.

3 The clerk of the court shall enter judgment accordingly.

4      IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

5      DATED:   December 6, 2011.

```
                                              _____
                                              JAMES C. MAHAN
                                              United States District Judge
```